**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:21-CR-8 (WLS-TQL) |
| | : | |
| MAURICE Z GRAHAM, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

On July 11, 2024, the Court held a hearing on the United States Probation Office's Petition ("the Petition") (Doc. 39) to revoke Defendant Maurice Z. Graham's ("Defendant") supervised release, which was filed on September 27, 2023. Previously, Defendant pleaded guilty to Count I of a one-count indictment, which was for Possession of a Firearm by a Convicted Felon. Defendant was sentenced on November 17, 2021, for a period of 35 months imprisonment, with a supervised release period of 3 years, complying with the mandatory, standard, and special conditions of supervision. (Doc. 37).

Defendant's supervision began on June 16, 2022. On August 14, 2023, the United States Probation Office petitioned the Court for a warrant or summons (Doc. 39). The Petition alleged that Defendant violated the conditions of his supervised release on three (3) occasions.

At the revocation hearing held on July 11, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 39) and Revocation Report (Doc. 53) and reviewed them. Neither the Government nor the Defendant had objections to

the Report. Defendant stated he had spoken to Counsel about the Petition and wished to admit to the violations in the petition.

Accordingly, the Court found that Defendant freely, knowingly, and voluntarily waived his rights to a hearing and stipulated to the alleged violations, outlined at Violations Number 1–3 of the Petition, for purposes of the revocation hearing. The Court thus found that Defendant had committed the alleged violations by a preponderance of the evidence and that Defendant did violate the conditions of his supervised release.

The Court heard from the Government and Defense counsel. Defendant declined to speak. The Court then declared Defendant's supervised release revoked.[1] The Court considered Defendant's U.S. Sentencing Guidelines range of 24–24 months based on Defendant's Grade A violation and a criminal history category of IV, and statutory restrictions. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to twenty-four (24) months imprisonment, to be served consecutively to Defendant's state court sentence, i.e. Case No. 23CR179 in Thomas County Superior Court, Thomasville, Georgia. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public.

For the aforementioned reasons, the Petition (Doc. 39) is **GRANTED**, and Defendant's term of supervised release is **REVOKED**. Defendant is sentenced to twenty-four (24) months of imprisonment, in the custody of the Bureau of Prisons, to be served consecutively to his state court sentence. No term of supervised release is to follow.

**SO ORDERED**, this 15th day of July 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copela*nd, 20 F.3d 412, 414 (11th Cir. 1994). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).